UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES DRUSCHEL,

        Plaintiff,

v.                                  Case No. 8:10-cv-838-T-33TBM

CCB CREDIT SERVICES, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral for a Report and Recommendation on **Defendant's Motion for Summary Judgment and Memorandum of Law** (Doc. 13) and Plaintiff's Response in Opposition (Doc. 17).[1]  For the reasons set forth below, I recommend Defendant's motion be granted.

I.

A.

Plaintiff, James Druschel, sues Defendant, CCB Credit Services, Inc., in a single-count Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA).  By his Complaint, Plaintiff alleges that Defendant, a debt collector, constantly and continuously placed collection calls to the Plaintiff demanding payment on a debt.  The

---

[1]The Defendant supports its motion with the Declaration of its president, Ron Krech, and copies of the computer-generated account notes related to Plaintiff's account.  (Docs. 13-1, 13-2).  Plaintiff submits his own Declaration in support of his memorandum in opposition, along with his "call log" notes, and supplemental case authority.  (Docs. 17-1, 17-2, 19).

calls were placed on a daily basis to his cellular telephone.  On some of the calls which went unanswered, Defendant would hang up without leaving a voice mail message.  Doc. 1, ¶¶ 11-15.  Plaintiff alleges that Defendant's conduct violated § 1692d of the FDCPA, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, particularly by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass contrary to § 1692d(5); and by placing telephone calls without meaningful disclosure and deceptively when Defendant hung up on Plaintiff's answering machine without leaving a voice mail message contrary to §§ 1692d(6) and 1692e(10), respectively.  *Id.*, ¶16.  Plaintiff seeks a declaratory judgment that Defendant's conduct violated the FDCPA, and requests statutory damages of $1,000.00, plus costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k.

B.

By the instant motion, Defendant urges that it is entitled to summary judgment as a matter of law because Plaintiff fails to establish that the debt being collected was a "consumer debt" as defined by 15 U.S.C. § 1692a(5), i.e., the alleged obligation to pay money arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction was primarily for personal, family, or household purposes.

As for Plaintiff's claim that Defendant violated §§ 1692d and 1692d(5), which precludes conduct by a debt collector which is harassing, oppressive, or abusive by "causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person," Defendant urges the claim

2

necessarily fails on the facts because Plaintiff cannot prove that Defendant caused his telephone to ring "repeatedly and continuously" nor can he prove that it acted with the intent to "annoy, abuse or harass."  By his Declaration, Mr. Krech testifies that Defendant received the Plaintiff's account for collection from HSBC Bank on February 19, 2010; a Validation Notice was sent to Plaintiff on February 22, 2010; Plaintiff initiated a call to Defendant on March 1, 2010; by its records, Defendant made ten calls to Plaintiff in an attempt to collect this debt; and no more than one attempt to contact Plaintiff was made per day.  By his declaration, Defendant left one message for Plaintiff on February 18, 2010, and on February 22, 2010, when Defendant received a written cease and desist letter, Defendant closed the file and discontinued all collection efforts.[2]  (Doc. 13-1).  Defendant's account notes purport to support this activity.[3]  (Doc. 13-2).  Defendant urges that this number of attempts to contact Plaintiff does not, as a matter of law, evidence a pattern of repeated or continuous behavior or an "intent to annoy, abuse or harass" in order to give rise to a claim under either §§ 1692d or 1692d(5).  (Doc. 13 at 4-7).

As for Plaintiff's claims under §§ 1692d(6) and 1692e(10) which prohibit a debt collector from placing "telephone calls without meaningful disclosure of the caller's identity,"

---

[2]The February 22nd date in the Krech declaration appears incorrect.  Defendant's own records and his chronology suggest that the cease and desist event occurred in March.  *Compare* (Doc. 13-1, ¶ 12), *with* (Doc. 13-2 at 5).  It also appears that his reference to a message being left on February 18, 2010, is also incorrect.

[3]A key has not been provided to decipher the account notes, but it appears that Defendant documented conversations with Plaintiff on at least nine occasions on the following dates: March 1, 2, 3, 4, 6, 8, 11, 13, and 16. According to Krech, Plaintiff initiated the call on March 1st.  Defendant left one voice mail message on March 18, 2010, and the notes suggest the call on March 13, 2010, was a "machine hang up."  (Doc. 13-2).

and prohibit "the use of any false representation or deceptive means to collect or attempt to collect a debt . . .," respectively, Defendant submits that both claims fail as a matter of law because a debt collector hanging up on an answering machine without leaving a message is not conduct prohibited by the FDCPA or case law interpreting the statute. Moreover, Plaintiff has no proof of Defendant's use of "false representation or deceptive means" to collect or attempt to collect on a debt. (Doc. 13 at 7-9).

Plaintiff responds that disputed issues of material fact, namely the number of calls to Plaintiff, the substance of those conversations or lack thereof, and whether the call history constitutes an unlawful practice under the FDCPA, preclude summary judgment. Plaintiff does not dispute he owes the debt nor that it is a consumer debt in contemplation of the FDCPA. By his affidavit, the original debt was owed to HSBC Bank of Nevada, N.A., and that he uses his HSBC credit card primarily for personal and household purposes such as for clothing and shoes for himself and lawn and gardening supplies for his home. Plaintiff acknowledges that he "fell behind in making payments to [his] HSBC credit card and CCB Credit Services, Inc. began collecting on the account sometime in March 2010." *See* (Doc. 17-1).

Plaintiff began keeping a call log on March 3, 2010. According to his log, from March 3 through March 20, 2010, he received fourteen (14) calls, with five of those calls being hang-ups without any message.[4] (Doc. 17-2). By Plaintiff's account, each conversation

_____

[4]According to Plaintiff's call log, calls were received on March 3, 4, 6, 9, 10, 11, 15, 17, and 18, 2010. On five occasions, Defendant placed a call to Plaintiff's cellular telephone, the call was not answered, and Defendant's representative hung up on Plaintiff's voice mail on March 5, 8, 13, 19, and 20, 2010.

was essentially the same.  Plaintiff explained to the Defendant's representative that he was
unable to make a payment on his credit card since his mother passed away because he was
only receiving $900 per month from disability and that barely covered his expenses such that
he only had $145 left each month for groceries.  Notwithstanding being advised as to
Plaintiff's financial situation and that he was unable to pay the debt, Defendant continued to
call Plaintiff day after day about the debt.  With each conversation, Plaintiff repeated the same
facts to Defendant's representative that he was unable to pay the debt due to his financial
situation following his mother's death.  In those instances when Plaintiff did not answer the
call from Defendant, Defendant would not leave a message identifying itself, but rather,
would hang up on his voice mail.[5]  By Plaintiff's account also, no more than one call was
made to him in any given day.

As for his claims under §§ 1692d and 1692d(5), Plaintiff argues that Defendant is
incorrect in its assertion that he fails to demonstrate the repeated and continuous nature of
calls and that such were done with the intent to annoy or harass.  Plaintiff urges Defendant
was fully aware of his financial situation and that he was unable to pay the debt to HSBC, and
yet it continually contacted him on a near daily basis regarding the same debt he already told
Defendant he was unable to pay.  On occasions when the phone was not answered, Defendant

_____

[5]Viewing Plaintiff's log, it appears that all except one of the calls documented by
Plaintiff occurred during hours acceptable under the FDCPA.  I note however, one call
occurring at 11:44 p.m.; such would be outside the acceptable time frame designated by the
FDCPA.  *See* 15 U.S.C. § 1692(c)(a)(1) ("[i]n the absence of knowledge of circumstances to
the contrary, a debt collector shall assume that the convenient time for communicating with a
consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the
consumer's location").  This too may be incorrect.  In any event, Plaintiff does not raise this as
an issue in his pleadings, and thus the matter is not addressed further.

failed to leave any message.  Plaintiff submits he has suffered damages due to the answered as well as unanswered telephone calls.  Because he had to continually explain to Defendant about his mother's death and how it impacted him financially, this caused Plaintiff to be depressed, stressed and upset.  The ringing telephone and subsequent hang-ups on his voice mail also bothered him.  Plaintiff urges that a telephone does not have to be answered for a call to be harassing and annoying.  Additionally, the fact that he had to repeat his personal tragedy over and over again regarding his mother and the resulting financial hardship he was suffering not only caused him to be depressed and stressed, but was also a source of harassment.

In legal support for this claim, Plaintiff urges his case is similar to that addressed in a recent decision by the Eleventh Circuit in *Meadows v. Franklin Collection Services,* No. 10-13474, 2011 WL 479997 (11th Cir. Feb.11, 2011), where the court found that the evidence, in a light most favorable to the plaintiff, created genuine issues of material fact on whether the defendant had caused plaintiff's telephone to continuously ring with the intent to annoy or harass her.[6]  By Plaintiff's argument, the majority of courts hold that whether the nature and frequency of debt collection calls constitutes harassment is a question of fact better left for the

---

[6]Plaintiff also cites *Krapf v. Nationwide Credit, Inc.,* No. 09-00711, 2010 WL 2025323 (C.D. Cal. May 21, 2010); *Bassett v. I.C. System, Inc.,* 715 F. Supp. 2d 803 (N.D. Ill. 2010).

jury,[7] and applying the least sophisticated consumer standard to the particular facts of this case, issues of fact exist which prevent the granting of this motion.

As for his claim under §1692d(6), Plaintiff urges that Defendant erroneously contends that calling and hanging up without leaving a voice mail message cannot violate the statutory requirement for meaningful disclosure of the caller's identity. Citing a court order out of the district court in Northern District of California, Plaintiff argues there is no such disclosure when no message is left and thus there is a genuine issue of fact whether Defendant's hanging up without leaving any voice message identifying itself and the purpose of its call on Plaintiff's voice mail five times violates the FDCPA. (Doc. 17).

Similarly, Plaintiff urges an issue of fact barring summary judgment on the claim of violation of §1692e(10), which prohibits the use of any false representation or deceptive means to collect a debt. Here, Plaintiff argues that the failure of the Defendant to leave voice mail messages five times was an arguably deceptive practice to the least sophisticated consumer. The fact that no provision of the FDCPA requires the debt collector to leave a

---

[7]In support, Plaintiff cites *Rucker v. Nationwide Credit, Inc.*, No. 2:09-cv-2420-GEB-EFB, 2011 WL 25300 (E.D. Cal. Jan. 5, 2011); *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847 (W.D. Tenn. 2010); *Valentine v. Brock & Scott, PLLC*, No. 2:09-cv-2555-PMD, 2010 U.S. Dist. Lexis 40532, at *11 (D. S.C. Apr. 26, 2010); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008); *Joseph v. J.J. Mac Intyre Co.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994); *United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 376 (N.D. Tex. 1986), *aff'd* 823 F.2d 880 (5th Cir. 1987); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 506 (D. Md. 2004); *Prewitt & Wolpoff & Abramson, LLP*, No. 05-CV-725S (F), 2007 WL 841778 (W.D. N.Y. Mar. 19, 2007); *Clark v. Quick Collect, Inc.*, No. CV 04-1120-BR, 2005 WL 1586862, *4 (D. Or. June 30, 2005).

message in these circumstances does not mean that the failure to do so is not a deceptive

practice in violation of the act.[8]

II.

A.

The court shall grant summary judgment for the moving party only when "there is no

genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56(c).  The court may look to "the pleadings, the discovery and

disclosure materials on file, and any affidavits" in determining whether summary judgment is

appropriate.  Fed. R. Civ. P. 56(c).  The movant bears the exacting burden of demonstrating

that there is no dispute as to any material fact in the case.  *Celotex Corp. v. Catrett,* 477 U.S.

317, 323 (1986); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

Once the moving party satisfies its burden, the burden shifts to the non-moving party

to establish the existence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 324;

*Howard v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir. 1994).  The non-movant must designate

specific facts showing a genuine issue for trial beyond mere allegations or the party's

perception.  *Perkins v. Sch. Bd. of Pinellas County*, 902 F. Supp. 1503, 1505 (M.D. Fla.

1995).  It must set forth, by affidavit or other appropriate means, specific facts showing that

there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e)(2).

---

[8]In support, Plaintiff cites *Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009); *Berg v. Merchants Association Collection Division, Inc.*, 586 F. Supp. 2d 1336, 1344 (S.D. Fla. 2008); and *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 659 (S.D. N.Y. 2006).

8

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston*, 9 F.3d at 921; *see also Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).

B.

"In order to prevail on a FDCPA claim, a Plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). The FDCPA prohibits harassing or deceptive conduct by a debt collector in the collection of a debt. 15 U.S.C. §§ 1692d. Section 1692d specifically prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Although not limited to the specified conduct, this section identifies certain conduct by a debt

collector which would be considered harassing or deceptive and therefore violative of the

FDCPA.  In pertinent part it identifies:

> . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

*Id*.  Section 1692e prohibits, in pertinent part, "[t]he use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer."  15 U.S.C. § 1692e(10).  In this Circuit, "claims under § 1692d should be viewed

from the perspective of a consumer whose circumstances make him relatively more

susceptible to harassment, oppression, or abuse."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168,

1179 (11th Cir. 1985); *Meadows,* 2011 WL 479997, at * 2.

III.

In a light most favorable to Plaintiff, Defendant, a debt collector in contemplation of

the FDCPA, placed fourteen calls to Plaintiff from March 3, 2010, through March 20, 2010.[9]

The calls were made in an attempt to collect on a consumer debt.  No more than one such call

was placed on a given day.  There is no evidence that Defendant employed any threatening or

abusive language toward Plaintiff.  In multiple calls, Plaintiff advised Defendant of his poor

---

[9]In addition, by Defendant's account, there was a conversation with Plaintiff on March 1st, that was initiated by Plaintiff.

financial circumstances after his mother's death, his limited disability income and his inability to pay the debt.  It appears from Defendant's account notes, uncontradicted on this motion, that Plaintiff was told one or more times that he would not be taken out of collection for these reasons and on one occasion a payment plan was suggested to him.  Plaintiff makes no claim that he told any representative of Defendant to stop calling him aside from when he sent the cease and desist letter.  Upon receipt of Plaintiff's cease and desist letter, Defendant ceased all collection activity.

On the proffered evidence, it cannot be disputed that Plaintiff has been the object of collection activity arising from consumer debt at the hands of a debtor collector as defined by the FDCPA.  Thus, the only element of proof in dispute is whether the Defendant engaged in an act or omission prohibited by the Act.  Plaintiff urges Defendant's conduct was intended to harass, oppress, and annoy Plaintiff in violation of §§ 1692d and 1692d(5).  While Plaintiff is correct that "[o]rdinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury, . . . Congress has indicated its desire for the courts to structure the confines of § 1692d." *Jeter,* 760 F.2d at 1179 (citing S. Rep. No. 95-832, 95th Cong., 1st Sess., reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698).  Thus, in affirming summary judgment in favor of the credit company on Jeter's § 1692d claim, the Eleventh Circuit acknowledged that certain conduct will not give rise, as a matter of law, to a violation of the statute.  *Id.* at 1179-80.  A review of the case law on this issue vis-a-vis the facts presented here leads me to the same conclusion.

11

The court recently decided the case of *Waite v. Financial Recovery Services, Inc.*, Case No. 8:09-cv-2336-T-33AEP, in which the issue of whether 132 collection calls made to the plaintiff debtor over a nine-month period constituted harassment under 15 U.S.C. § 1692d. *See Waite*, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010).  In granting summary judgment in favor of the debt collector, the court recognized that while it is generally the rule that whether conduct harasses or abuses will be a question for the jury, courts may resolve the question as a matter of law in appropriate cases. *Id*. at *3 (citing *Jeter*, 760 F.2d at 1179).  And, while recognizing that the number of calls to plaintiff in the initial months especially was high (twenty-nine in February and twenty-seven in March), the court noted that "courts have found that even 'daily' calls, unaccompanied by other egregious conduct, . . . , is insufficient to raise a triable issue of fact for the jury." *Id.*  Finding that the calls to plaintiff were unaccompanied by any other egregious conduct evincing an intent to harass, annoy, or abuse, the court concluded "that this is not the type of abusive conduct that the FDCPA was designed to remedy." *Id.* at *5.  In the instant matter, according to Plaintiff, there were fourteen calls to him over a two-week period.  He makes no complaint of abusive or threatening language used by Defendant, late-night calls, or calls to his place of employment.  Nor does Plaintiff dispute that there was no more than one call made per day.  When Plaintiff asked by way of letter that the Defendant stop calling him, it did so.  By my consideration, such conduct alone does not rise to the level of egregiousness necessary to be considered harassing, annoying, or oppressive in violation of § 1692d.

Plaintiff attempts to distinguish his case by noting that the calls continued even after he explained in several of the calls that his financial circumstances did not permit him to pay the debt after his mother died given his limited disability income.  By his account, he felt aggrieved and was left feeling harassed.  However, even if Plaintiff's circumstances left him more susceptible to harassment or annoyance than the typical consumer, the objective aspect of the applicable standard leads to the conclusion that the conduct of Defendant in this instance is not of the type conduct precluded by the FDCPA.[10]  In sum, even including the hang-ups, the limited number of calls, with no more than one per day, directed toward determining how Plaintiff would repay this debt and unaccompanied by other aggravating conduct by the debt collector is not the type of conduct proscribed by §§ 1692d and 1692d(5).

Such conclusion is supported by another recent Middle District case in which the court concluded that fifty-seven calls by a debt collector to the plaintiff, with no more than seven calls on any given day, did not constitute a violation of § 1692d(5).  *See Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010).  There, in granting summary judgment in favor of the defendant debt collector, the court found significant the fact that there was no demonstration of oppressive conduct such as repeatedly making calls after it was asked to

---

[10]As set out above, this section prohibits a debt collector from engaging in intentionally harassing, oppressing or annoying conduct as by "repeatedly or continuously" causing a telephone to ring or engaging a person in telephone conversations.  As Defendant notes, such contact as here occurred, is not "continuous" in the view of the FTC commentary which indicates that "continuously" means making a series of telephone calls, "one right after the other."  Similarly, the FTC defines "repeatedly" as "calling with excessive frequency under the circumstances."  *See* FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 FR 50097-02, 1988 WL 269068, at *50105 (Dec. 13, 1988).

cease, nor was there a verbal request to cease calling.  *Id.* at 1305.  Similarly, in the instant

case, there is no proffer of evidence that Plaintiff made a request to Defendant's

representatives that they stop calling.  And, when he finally sent a cease and desist letter, the

collection activity ceased.[11]

Plaintiff urges that *Tucker* is distinguishable, and further that its holding was, in

essence, rejected by the Eleventh Circuit in *Meadows*, 2011 WL 479997.  Specifically,

Plaintiff argues that "*Meadows* did not endorse *Tucker's* flawed reasoning that a person's non-

debtor status bars him or her from being harassed because they know they are not legally

obligated to pay the debt."  (Doc. 17 at 14).  Plaintiff's focus on *Meadows* and its discussion

regarding the plaintiff's non-debtor status is misplaced.  In that regard, both *Meadows* and

*Tucker* are factually distinguishable from the instant case in that the Plaintiff here is the

debtor.  Rather, the significance of *Tucker* to the instant case is that the defendant's pattern of

calling the plaintiff fifty-seven times, although somewhat high, without any other oppressive

conduct, where defendant did not call more than seven times in one day, and did not call back

the same day after leaving a message, did not constitute harassment as a matter of law in that

case.  *Tucker*, 710 F. Supp. 2d at 1305.  In contrast, Meadows testified she received

approximately 300 collection calls over a two and a half year period, with up to three calls per

day, and the defendant debt collector continued to call even after plaintiff asked defendant to

stop calling.  *Meadows*, 2011 WL 479997, at *1.  In those circumstances, a genuine issue of

---

[11]A review of the call notes reflects that Plaintiff became angry and started yelling on occasion, but no indication that a request to stop calling was ever made.  *See, e.g.* (Doc. 13-2 at 3-4).

fact existed such that summary judgment was inappropriate.  By my consideration, the instant circumstances are notably distinguishable from those in *Meadows*, and again, the case here is amenable to summary judgment where the only genuine factual dispute is the number of telephone calls.

On the issue of whether hanging up on Plaintiff's voice mail without identifying itself or the reason for the call violates § 1692d(6), the court addressed that issue in *Waite* as well.  Although there was no pending claim under § 1692d(6), the court specifically noted, "[s]ection 1692d(6) does not, when read in isolation, specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer the call.  When this provision, however, is read in conjunction with the entirety of § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute." *Waite*, 2010 WL 5209350 n.9 (quoting *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1143 (D. Kan. 2004) (holding that the placement of four automated telephone calls to consumers over the course of seven days without leaving a message did not, as a matter of law, constitute harassment under § 1692d(6)).  Given that the only basis for Plaintiff's alleged § 1692d(6) violation is the failure of Defendant to leave a voice message identifying itself and its purpose in calling, the claim fails as a matter of law.

As to Plaintiff's claim that the failure to identify itself on Plaintiff's voice mail constitutes a *deceptive* means to collect a debt in violation of § 1692e(10), the parties again recognize that the there is no express provision in the FDCPA which requires a debt collector

15

to leave a message when it does not connect with the debtor.  For the Defendant, this and the fact that courts considering the matter have generally concluded there is no obligation to leave such a message defeats any claim that it employed a false representation or deceptive means to collect this debt as a matter of law.[12]  By Plaintiff's argument, the courts do not hold that the failure to leave a voice mail message would not violate the FDCPA and where as here, the Defendant did not leave any messages on calls which went unanswered, and even after being advised that Plaintiff could not pay the debt, Defendant continued to call and shield its identity until Plaintiff answered raises factual issues as to whether the least sophisticated consumer would find the conduct deceptive.

Again, as this court noted in *Waite*, the failure to leave a voice message is not necessarily prohibited by the FDCPA.  *See also Udell*, *supra*.  On the proffered evidence, Plaintiff's claim hinges solely on the fact that Defendant failed to leave such voice message on five unanswered calls after it was advised by Plaintiff that he could not pay the debt.  By my consideration, such is inadequate to create even a fact issue on the claim under §1692e(10).  Such circumstances alone do not demonstrate deceptiveness and Plaintiff's assertion that such tactic was employed to shield Defendant's identity until Plaintiff answered the call is not backed up by any evidence.  Thus, because Plaintiff fails to demonstrate by competent proof any deceptive representation or means to collect the debt, his § 1692e(10) claim fails as well.

---

[12]Defendant cites *Saltzman v. I.C. Systems, Inc.*, No. 09-10096, 2009 WL 3190359, at *5 (E.D. Mich. Sept. 30, 2009), for the proposition that the failure of a plaintiff to offer credible evidence to support the allegations of falsity or deception is fatal to the claim.

IV.

For the foregoing reasons, I recommend Defendant's motion for summary judgement (Doc. 13) be **granted**.

Respectfully submitted this
14th day of June 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of Record